**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SERGE KRAIF, | Case No. 2:12-cv-06206-SJO (SHx) |
| Plaintiff/Judgment Creditor, | Hon. S. James Otero |
| v. | **STIPULATED PROTECTIVE ORDER REGARDING DISCOVERY OF CONFIDENTIAL/FINANCIAL INFORMATION IN AID OF EXECUTION OF JUDGMENT** |
| HUBERT GUEZ, | |
| Defendant/Judgment Debtor. | |
| | Complaint filed: July 18, 2012<br>Partial judgment entered: Jan. 2, 2013<br>Trial date: Oct. 16, 2013 |

## STIPULATED PROTECTIVE ORDER

For good cause shown, the Joint Stipulation for a Protective Order Regarding Discovery of Confidential/Financial Information in Aid of Execution of Judgment, previously filed by plaintiff Serge Kraif ("Kraif") and defendant Hubert Guez ("Guez") (collectively referred to herein as the "Parties"), is hereby GRANTED.

Pursuant to said Stipulation, the Court enters the following Protective Order:

**WHEREAS**, on July 18, 2012, Kraif filed the Complaint in this action (the "Action") alleging against Guez two claims for relief:  (1) breach of contract; and (2) fraud and deceit;

**WHEREAS**, on November 6, 2012, the Court granted Kraif's Motion for Partial Summary Judgment as to the breach of contract claim;

**WHEREAS**, on January 2, 2013, the Court entered a final judgment in favor of Kraif on the breach of contract claim (collectively, with any subsequent judgment that may be entered in Action in the future, the "Judgment");

**WHEREAS,** the Parties presently are litigating Kraif's fraud and deceit claim, the allegations of which claim Guez denies;

**WHEREAS**, Kraif has commenced discovery in aid of execution of the Judgment pursuant to Federal Rule of Civil Procedure 69(a)(2);

**WHEREAS,** the Parties recognize that discovery in aid of execution of the Judgment, including that discovery already propounded by Kraif to Guez, may necessitate the disclosure of information (through documents, testimony, or both) that Guez believes to be private and confidential insofar as it incorporates proprietary, financial, and/or other highly sensitive personal information concerning Guez;

**WHEREAS**, the Parties deem it appropriate to provide for the protection of such information without agreeing that the specific information is, in fact, confidential or proprietary, and to preserve all Parties' rights to challenge any such designation at a later time;

**WHEREAS**, the Parties and the Court believe that entry of this Protective Order will permit discovery in aid of execution of the Judgment to proceed more expeditiously and with less expense by reducing the need for motions for protective orders and by avoiding disputes over Confidential Material.

**NOW, THEREFORE, IT IS HEREBY AGREED, STIPULATED AND ORDERED THAT**:

1. This Protective Order shall govern any document, information, or other thing which is designated as containing "Confidential Information" as defined herein, and is furnished by any party or non-party to any party in response to any discovery propounded by either Party in connection with the Action or any litigation between them or concerning enforcement of the Judgment.

2. The term "Confidential Information" shall be interpreted to mean confidential and/or proprietary commercial, financial, budgeting, and/or accounting information; information that could reasonably be used to perpetuate identity theft; and any other information that is reasonably believed by the producing party or non-party to be non-public, proprietary, or confidential.  Examples of the types of information that would fall within these categories include, among other things, the following: (i) compensation information (such as salary or other earnings), (ii) social security number; (iii) date of birth; (iv) credit status; (v) credit history and bankruptcy history (whether personal bankruptcy or of a company in which the person was a majority owner); (vi) information relating to assets, debts, expenditures and/or net worth; (vii) bank account information; (viii) investment information; (ix) taxpayer information.

3. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multi-page documents shall designate

all pages of the document as confidential, unless otherwise indicated by the producing party.

4. Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

5. Material designated as confidential under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purposes of this Action and any action or proceeding relating to enforcement of the Judgment (including, without limitation, any action or proceedings alleging fraudulent transfers that were allegedly made to avoid enforcement of the Judgment), pursuant to the terms and conditions of this Protective Order, and for no other purpose absent an express written agreement between the Parties providing otherwise or order of a court of applicable jurisdiction.

6. The Parties agree to treat as confidential the materials produced by Katz & Varon in this Action on or about April 3, 2013, as well as any other information produced by any third party if: (1) the third party has marked the documents or things produced as confidential; or (2) within thirty (30) days of the date of production by the third-party, any party notifies all other parties of his intent to designate any of the documents or things produced by the third party as confidential. Said designation shall only apply if the documents or things produced and designated as confidential fall within the definition of Confidential Information.

7. Confidential Material produced pursuant to this Protective Order may be disclosed or made available only to the Court, to counsel for a party (including the

DICKSTEIN SHAPIRO LLP

4
STIPULATED PROTECTIVE ORDER REGARDING DISCOVERY OF CONFIDENTIAL/ FINANCIAL INFORMATION IN AID OF EXECUTION OF JUDGMENT

paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below, only in accordance with the purposes set forth in Paragraph 5 above:

  (a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in litigation;

  (b) experts or consultants (together with their clerical staff) retained by such counsel;

  (c) court reporter(s);

  (d) a witness at any deposition or other legal proceeding; and

  (e) any other person as to whom the Parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Protective Order and shall execute a nondisclosure agreement in the form of Attachment A hereto, a copy of which shall be provided forthwith to counsel for each other party.

  8. Only qualified persons may attend depositions at which Confidential Material is used or discussed.

  9. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of formal discovery, whether or not such material is also obtained through discovery, or from disclosing his own Confidential Material as he deems appropriate.

  10. If Confidential Material, including, without limitation, any portion of a deposition transcript designated as Confidential, is included in any papers to be filed with the Court, such papers shall be accompanied by an application to (a) file the confidential portions thereof under seal (if such portions are segregable), or (b) file the papers in their entirety under seal (if the confidential papers are not segregable). The application shall be directed to the Judge to whom the papers are directed. Pending

DICKSTEIN
SHAPIRO LLP

5
STIPULATED PROTECTIVE ORDER REGARDING DISCOVERY OF CONFIDENTIAL/ FINANCIAL INFORMATION IN AID OF EXECUTION OF JUDGMENT

the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

11. This Protective Order shall be without prejudice to the right of the Parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted, or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Protective Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Protective Order.

12. This Protective Order is solely for the purpose of facilitating the exchange of documents and information between the Parties without involving the Court unnecessarily in the process. Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order, shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13. The designation and production of Confidential Material pursuant to this Protective Order shall not be construed as a concession by the designating party that such information is relevant, material, or admissible as to any issue.

14. Nothing in this Protective Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials that are otherwise beyond the permissible scope of discovery. This Protective Order is intended only to provide a mechanism for the handling of Confidential Material to which there is no objection to producing or disclosing other than as to its confidentiality.

15. Information or documents disclosed through mistake or inadvertence without the designation as Confidential Material may be so designated subsequent to production or testimony if the designating party or non-party provides replacement materials bearing appropriate designations and notifies all other Parties promptly after becoming aware of same.

16. If materials provided by any third party are subsequently designated as confidential in accordance with this agreement, the designating party shall promptly upon making such a designation provide replacement copies of said materials to the opposing party reflecting said designation.  In such event, the adverse party shall thereafter promptly request the return of any copies that have been provided to individuals other than those authorized to receive Confidential Material and, with regard to individuals authorized to receive Confidential Material under this Protective Order, shall provide substitute copies.

17. In the event that any Confidential Material is disclosed, either willfully or inadvertently, by a receiving party in contravention of this Protective Order, the Confidential Material shall not lose its status through such disclosure and the disclosing party shall take all steps reasonably required to assure its continued confidentiality.

18. This Protective Order shall survive the final termination of this Action to the extent that the information contained in the Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon satisfaction or expiration of the Judgment, counsel for the Parties shall, upon request by the adverse Party, assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

DICKSTEIN SHAPIRO LLP

7

STIPULATED PROTECTIVE ORDER REGARDING DISCOVERY OF CONFIDENTIAL/ FINANCIAL INFORMATION IN AID OF EXECUTION OF JUDGMENT

19. Notwithstanding the provisions of Paragraph 18, outside counsel for a receiving party may retain one copy of pleadings, attorney and consultant work product, Confidential Material, and depositions taken in this Action which contain confidential information that remains subject to this Protective Order.

20. The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all Parties or by order of the Court.

**IT IS SO ORDERED.**

Dated: June 6, 2013

*[signature: Stephen Hillman]*

STEPHEN J. HILLMAN
United States District Magistrate Judge

## ATTACHMENT "A"

### Non-Disclosure Agreement

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order Regarding Discovery of Confidential/Financial Information in Aid of Execution of Judgment entered in *Serge Kraif v. Hubert Guez*, United States District Court for the Central District of California, Civil Action No. CV12-06206-SJO(SHx), and hereby agree to comply with and be bound by the terms and conditions of said Protective Order unless and until modified by further Order of the Court.  I hereby consent to the jurisdiction of the Court for purposes of enforcing this non-disclosure agreement.

Dated: _____                    _____
                                                 Signature

                                                 _____
                                                 Printed/Typed Name

**CERTIFICATE OF SERVICE**
*Serge Kraif v. Hubert Guez*
USDC Case No. CV12-06206-SJO (SHx)

STATE OF CALIFORNIA    )
                                           ) ss:
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the action. My business address is 2049 Century Park East, Suite 700, Los Angeles, CA 90067-3109. On June 5, 2013, aan ☐ original ☒ true copy of the following document(s),

**[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING DISCOVERY OF CONFIDENTIAL/FINANCIAL INFORMATION IN AID OF EXECUTION OF JUDGMENT**

was/were served by utilizing the method indicated below and addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **ELECTRONIC SERVICE**: I certify that the above-referenced document(s) was/were electronically served by utilizing the Court's ECM/ECF filing system on June 4, 2013 on the parties on the attached service list.

☐ **BY MAIL**: The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after service of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY**: By causing such envelope to be deposited or delivered in a box or other facility regularly maintained by Federal Express authorized to receive documents, or delivering to a courier or driver authorized by said express service carrier to receive documents, the copy of the foregoing document in a sealed envelope designated by the express service carrier, addressed as stated above, with fees for overnight (next business day) delivery paid or provided for and causing such envelope to be delivered by said express service carrier on [Insert Date]

☐ **BY FACSIMILE MACHINE**: The foregoing document was transmitted to the above-named persons by facsimile transmission from (310) 772-8301 before 5:00 p.m. on said date and the transmission was reported as complete and without error.

☐ **BY PERSONAL SERVICE:** I caused to be delivered the foregoing document(s) to the addressee(s) specified.

☒ [Federal]    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 6, 2013, at Los Angeles, California.

                                                                  Vaneta D. Birtha

DICKSTEIN
SHAPIRO LLP

i
CERTIFICATE OF SERVICE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SERVICE LIST**
*Serge Kraif v. Hubert Guez*
USDC Case No. CV12-06206-SJO (SHx)

| | |
|---|---|
| Eduardo Martorell, Esq.<br>Blank Rome LLP<br>1925 Century Park East, 19th Floor<br>Los Angeles, CA  90067<br>Telephone:     424.239.3400<br>Facsimile:     424.239.3434<br>Email:          EMartorell@BlankRome.com | Attorneys for Plaintiff<br>SERGE KRAIF |
| Judd A. Serotta, Esq.<br>Blank Rome LLP<br>One Logan Square<br>130 North 18th Street<br>Philadelphia, PA  19103<br>Telephone:     215.569.5500<br>Facsimile:     215.569.5555<br>Email:          Serrotta@BlankRome.com | Attorneys for Plaintiff<br>SERGE KRAIF |